SLIP OPINION



Cite as 2014 Ark. App. 126



# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-13-698

| | | |
|---|---|---|
| DANIEL R. KLOSKY | APPELLANT | **Opinion Delivered** February 19, 2014 |
| V. | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR2009-1571] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | | SUPPLEMENTAL ADDENDUM ORDERED |

## RITA W. GRUBER, Judge

Daniel R. Klosky appeals his conviction in a non-jury trial for thirty-eight counts of violating Ark. Code Ann. § 5-27-602 for distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. Klosky argues, as he did below in his motions for a directed verdict,[1] that the State did not present substantial evidence of the required culpable mental state. Specifically, he argues that there was no direct proof that he knowingly possessed the pornography. We are unable to address his appeal at this time and order for supplementation of the addendum.

A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that the conduct is of that nature or that the attendant circumstances exist.

---

[1]Klosky filled a written motion for directed verdict in this case and orally stated to the court, "I incorporate this document . . . as our motion for directed verdict but at the close of the evidence it'll be a motion for dismissal which is what the rule contemplates."

SLIP OPINION

Ark. Code Ann. § 5-2-202(2)(A) (Repl. 2013). The issue of intent is a question for the finder of fact, which also assesses the credibility of testimony. *Id.*, *Hutcheson v. State*, 92 Ark. App. 307, 313, 213 S.W.3d 25, 29 (2005).

The circuit court in this case specifically stated in its letter ruling that a basis of the court's ruling was the court's review of "the well-written and thoughtful motions to dismiss and for directed verdict and the State's response to that motion." The addendum to Klosky's brief includes his motion to dismiss but it lacks the State's response, and the State has not filed a supplemental addendum.

We note our briefing requirement that a brief's addendum "must include all motions . . . [and] responses concerning the order, judgment, or ruling challenged on appeal." Ark. Sup. Ct. R. 4-2(8)(A)(i) (2012). We direct Klosky to correct this deficiency by filing a supplemental addendum including the State's response within seven calendar days from the date of this opinion. Ark. Sup. Ct. R. 4-2(b)(4). We strongly encourage him, prior to filing the supplemental addendum, to review our rules as well as his abstract and addendum to ensure that no additional deficiencies are present.

Supplemental addendum ordered.

WALMSLEY and GLOVER, JJ., agree.

*John Wesley Hall, Jr.*, and *Sarah M. Pourhosseini*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.